IZARD NOBEL LLP
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.: (860) 493-6292
Fax:  (860) 493-6290
mkindall@izardnobel.com

[Proposed] Lead Counsel for Plaintiff
Chen Si

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOE MIKUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, HUI KUNG KA (XIAOGONG JIA), WAI CHAU LIN (WEIZHOU LIAN), DEREK PALSSCHUK, THOMAS GURNEE, ZUYN XUE, AND TIFENG SHEN,<br><br>Defendants. | No. CV-11-4402-MMM(FFMx)<br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF CHEN SI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: October 10, 2011<br>TIME:  10:00 a.m.<br>CTRM: 780 (Roybal) Los Angeles<br>JUDGE:  Hon. Margaret M. Morrow |
| WASHTENAW COUNTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, WAI CHAU LIN and DEREK PALSSCHUK,<br><br>Defendants. | No. CV-11-4714-MMM(FFMx) |

```
----------------------------------------------------------------x
SANJAY MAADAN, Individually and on Behalf of )
All Others Similarly Situated,               )       No. CV-11-5182-MMM(FFMx)
                                             )
              Plaintiff,                     )
                                             )
     vs.                                     )
                                             )
LONGTOP FINANCIAL TECHNOLOGIES               )
LIMITED, WAI CHAU LIN and DEREK              )
PALSSCHUK,                                   )
              Defendants.                    )
----------------------------------------------------------------x
```

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 11, 2011, at 10:00 A.M., or as soon thereafter as the matter may be heard before the Honorable Margaret M. Morrow United States District Judge for the Central District of California at Los Angeles, in Courtroom 780, of the Roybal Federal Building, Class Member Chen Si ("Si") will, and hereby does, move this Court for an order (i) consolidating the above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Si as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approving Si's choice of Izard Nobel LLP to serve as Lead Counsel.

This motion is made on grounds that Si is the "most adequate plaintiff" pursuant to Section 21D(a)(3)(B) of the 1934 Act. Moreover, Si meets the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion in that his claims are typical of the other Class Members' claims and he will fairly and adequately represent the Class. In support of this Motion, Si submits herewith a Memorandum of Points and Authorities and the Declaration of Mark P. Kindall.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are three related class actions on behalf of purchasers of Longtop Financial Technologies, Limited ("Longtop" or the "Company") securities between October 25, 2007 and May 17, 2011, (the "Class" and the "Class Period") pursuant to the 1934 Act.[1]

---

[1] The related actions pending in this District are: *Minkus v. Longtop Financial Technologies, et al.,* CV 11-4402-MMM(FFMx); *Washetenaw v. Longtop Financial Technologies, et al.,* CV 11-4714-MMM(FFMx); and *Maadan v.*

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

2

Here, the above-referenced related actions should be consolidated because they each involve similar issues of law and fact and Si should be appointed as lead plaintiff because: (i) his motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (ii) Si is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because he has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a). Finally, Si's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

## II.      SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a class action for violations of the federal securities laws on behalf of all purchasers of Longtop securities between October 25, 2007 and May 17, 2011, who were damaged thereby.

Plaintiffs allege, *inter alia*, in their class action Complaints, that Longtop, a company that designs, develops, and delivers software solutions and information technology services to the financial services industry in the People's Republic of China, violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by making materially false statements to the investing public. Beginning April 25, 2011, Citron Research and others issued a series of reports on Longtop which exposed potential accounting fraud and the nondisclosure of related party transactions at Longtop. On April 27, 2011, as an apparent result of these reports, Longtop's stock price fell approximately 33%, damaging investors. On May 9, 2011, Citron Research issued an additional report calling into question the Company's financial statements. Subsequently, on May 17, 2011, trading of Longtop Financial was halted and, on May 23, 2011, Longtop Financial issued a press release announcing: (1) the resignation of its auditor, Deloitte

---

*Longtop Financial Technologies,* CV 11-5182- MMM(FFMx). There are also two similar actions pending in the United Stated District Court for the Southern District of New York: *Faris v. Longtop Financial Technologies, et al.,* 11-CV-03658-SAS and *Kair v. Longtop Financial Technologies, et al.,* 11-CV-03661-DAB.

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

3

Touche Tohmatsu CPA, Ltd.; (2) the resignation of its Chief Financial Officer; (3) the initiation of a U.S. Securities and Exchange Commission inquiry; and (4) the initiation of an independent investigation.

### III. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* Fed. R. Civ. P. 42(a))[2] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21(a)(3)(B)(iii) of the 1934 Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related actions are suited for consolidation. The class action complaints are all brought by purchasers of Longtop securities and contain similar allegations concerning defendants' material misrepresentations in violation of the 1934 Act. While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same facts and or subject matter and the same discovery will be relevant in all actions. *See Weisz v. Calpine Corp., No.* 4:02-CV-1200, 2002 WL 32818827, at *2 (N.D. Cal. 2002). These actions should therefore be consolidated.

---

[2] *See* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

4

## IV. SI SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

5

U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc.*, No. C 07-1501, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

### B. The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On May 24, 2011 Kahn Swick & Foti, LLC caused a notice to be published on *Business Wire* that advised purchasers of Longtop common stock purchased during the Class Period of (i) the pendency of a securities class action against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by July 22, 2011) (the "Notice"). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 665 (C.D. Cal. 2005).[3]

### Si Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certification of Named Plaintiff submitted by Si (Kindall Declaration, Exhibit A), Si purchased 44,570 shares of Longtop common stock during the Class Period at purchase prices totaling approximately $995,133 and sustained estimated losses of approximately $102,433. Si knows of no other Class Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this litigation. Based on his significant losses, Si has "the largest financial interest in the relief sought" by the Class.

### D. Si Has Satisfied The Other Requirements Of The PSLRA

Si has satisfied each of the other requirements of the PSLRA. First, he has signed a certification, under oath, which:

(i) states that he has reviewed the Complaint;

(ii) states that he did not purchase Longtop securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii) states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

---

[3] A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

6

(iv)  sets forth all of his transactions in the securities of Longtop;

(iv)  states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(v)  states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, No. C 06-0634, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007). [4]

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999); *In re Century Aluminum Company Secs. Litig.,* No. C 09-1001, 2009 WL 2905962 (N.D. Cal. Sept 8, 2009).

The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001). The "adequacy" requirement of Rule 23(a)(4) is satisfied when no conflicts exist between the proposed lead plaintiff and the proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced. *Straton v. Boeing Co.*, 327 F.R.D. 938, 957 (9th Cir. 2003). Here, Si's claims are typical of those claims belonging to all Class Members. Si, like all Class Members, maintains that he suffered

---

[4] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

7

losses due to defendants' materially false statements in violation of the federal securities laws. Further, Si's interests are clearly aligned with those of the Members of the Class, and there is no evidence of any antagonism between his interests and those of the Class. Si has also demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of lead plaintiff and class representative. Accordingly, Si has shown that his claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4). *See Tanne*, 226 F.R.D. at 667-668.

### E. The Court Should Approve Si's Selection Of Lead Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve Si's selection of Izard Nobel LLP as Lead Counsel. As detailed in its firm resume (Kindall Declaration, Exhibit C), Izard Nobel LLP has extensive experience in the area of securities class action litigation. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

8

## V. CONCLUSION

For the foregoing reasons, Si respectfully requests that this Court consolidate the related actions, appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.

Dated: July 22, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　IZARD NOBEL LLP

　　　　　　　　　　　　　　　　　　　　　By:　/s/ Mark P. Kindall
　　　　　　　　　　　　　　　　　　　　　Mark P. Kindall (138703)
　　　　　　　　　　　　　　　　　　　　　29 South Main Street, Suite 215
　　　　　　　　　　　　　　　　　　　　　West Hartford, Connecticut 06107
　　　　　　　　　　　　　　　　　　　　　Tel.: (860) 493-6292
　　　　　　　　　　　　　　　　　　　　　Fax: (860) 493-6290
　　　　　　　　　　　　　　　　　　　　　mkindall@izardnobel.com

Of Counsel:
Jeffrey S. Nobel
Nancy A. Kulesa
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut 06107
Tel.: (860) 493-6292
Fax: (860) 493-6290

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

9

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of July, 2011 this document was filed electronically and served via U.S. mail on all parties not registered electronically. Notice of this filing will be sent by e-mail to all parties denoted on the attached Electronic Mail Notification List by the Court's electronic filing system.

      /s/ Mark P. Kindall
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
mkindall@izardnobel.com

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Memorandum of Points and Authorities in Support of Motion of Chen Si for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. CV 11-4402-MMM(FFMx)

10